MARY E. ALEXANDER, ESQ. (SBN: 104173)
Mary Alexander & Associates, P.C.
44 Montgomery Street, Suite 1303
San Francisco, California 94104
Telephone: (415) 433-4440
Facsimile: (415) 433-5440
Email: malexander@maryalexanderlaw.com

ELIZABETH J. CABRASER (SBN: 083151)
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
Email: ecabraser@lchb.com

GRETCHEN NELSON (SBN: 112566)
Nelson & Fraenkel LLP
601 So. Figueroa Street, Suite 2050
Los Angeles, CA 90017
Telephone: (213) 622-6469
Facsimile: (213) 622-6019
Email: gnelson@nflawfirm.com

*Attorneys for Plaintiffs*
[Additional counsel on signature page]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ARCHER, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>CARNIVAL CORPORATION; CARNIVAL PLC and PRINCESS CRUISE LINES LTD.,<br><br>Defendants. | Case No.: 2:20-cv-04203-RGK<br><br>**PLAINTIFF JORDAN BLYNN'S RESPONSES TO DEFENDANT PRINCESS CRUISE LINES, LTD.'S INTERROGATORIES (SET ONE)**<br><br>Judge: Hon. R. Gary Klausner<br>Magistrate: Hon. Steve Kim<br>Filed: 04/08/2020 |

| | | |
|---|---|---|
| 1 | **PROPOUNDED TO:** | PLAINTIFF JORDAN BLYNN |
| 2 | **PROPOUNDED BY:** | DEFENDANT, PRINCESS CRUISE LINES, LTD. |
| 3 | **SET NUMBER:** | ONE (1) |

In accordance with Rule 26 of the Federal Rules of Civil Procedure ("Rule 26") and Rule 33 of the Federal Rules of Civil Procedure ("Rule 33"), Plaintiff Jordan Blynn ("Plaintiff") hereby responds and objects (the "Responses") to Defendant Princess Cruise Lines, Ltd.'s Interrogatories Propounded on Plaintiff (Set One) (the "Interrogatories").

## PRELIMINARY STATEMENT

Plaintiff has not completed Plaintiff's investigation of the facts relating to this case and has not completed Plaintiff's preparation for trial. Therefore, the following responses are based only upon such information which is presently available and specifically known to the Plaintiff and only those contentions which presently occur to the Plaintiff. It is anticipated that further discovery, investigation, legal research, and analysis will supply additional facts, add new meaning to known facts, as well as establish entirely new factual contentions, all of which may lead to substantial additions to, changes in, and variations from the contentions herein set forth. The following responses are made in a good faith effort to supply as much factual information and as much specification of legal contentions as is presently known without prejudice to the Plaintiff's right to produce evidence of subsequently discovered facts or facts which the party may later recall. Plaintiff accordingly reserves the right to change any and all answers herein as additional facts are ascertained, analyses made, legal research is completed, and contentions are made.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify all facts, documents and witnesses you contend establish that Defendant had notice (whether actual or constructive) that COVID-19 was present

on the Subject Vessel at any time prior to or during your voyage. For each witness identified in response to this interrogatory, provide the witness's name and contact information (including address, telephone, and email address).

**RESPONSE TO INTERROGATORY NO. 1:**

Plaintiff objects that this interrogatory is a premature contention interrogatory that need not be answered until discovery is "substantially complete." *Core Optical Techs. v. Infinera Corp.*, 2018 WL 2684693, at *2 (C.D. Cal. Mar. 7, 2018). Plaintiff further objects to this interrogatory in that it impermissibly seeks the premature identification of Plaintiff's expert witnesses and the opinions and conclusions and documents of said expert witnesses. F.R.C.P. Rule 26(a)(2)(D). Plaintiff further objects to this interrogatory as overbroad and unduly burdensome to the extent that it seeks contact information for witnesses that is readily available or more accessible to Defendants from Defendants' own files, including witnesses employed by Defendants.

Without waiving and subject to the foregoing objections, Plaintiff responds: Discovery in this case has not yet begun, so Plaintiff lacks sufficient information at this time to establish conclusively when and how Defendants first had actual or constructive notice that COVID-19 was present on the Subject Vessel. Publicly available documents and information, however, establish that Defendants knew or should have known that COVID-19 was present on the Subject Vessel and posed a specific and unique risk to its passengers before it set sail for Hawaii. All of the documents on which this response is based are known to and readily available to Defendants.

First, Defendants knew or should have known, before the Subject Vessel set sail, that COVID-19 was a global public health emergency. Defendant Carnival Corporation's 2019 Form 10-K, which was signed on January 28, 2020 and likely prepared significantly earlier, contained a section headed "Fiscal Year 2020 Coronavirus Risk," noting that Carnival had suspended cruise operations in Chinese

ports in response to the "ongoing coronavirus outbreak" in China. Just two days later, on January 30, 2020, the World Health Organization declared COVID-19 a "Public Health Emergency of International Concern." The next day, on January 31, 2020, the U.S. Secretary for Health and Human Services declared COVID-19 a public health emergency for "the entire United States." Just three days after that, on February 3, 2020, the European Union issued specific guidelines for the cruise industry on responding to the COVID-19 global health emergency.

Defendants also knew, before the Subject Vessel set sail, that cruise ships create a increased risk of viral outbreak. According to an article co-authored by Princess's Chief Medical Officer, Dr. Grant Tarling, cruise ships "represent a potential source for introduction of novel or antigenetically drifted influenza strains" and that cruise ship characteristics, such as "close quarters and prolonged contact among travelers on ships . . . increase the risk of communicable disease transmission."

Against this backdrop of growing international concern about the COVID-19 public health emergency and Defendants' knowledge that the cruise ship environment increased the risk of the transmission of communicable diseases like COVID-19, in early February 2020, an outbreak of COVID-19 occurred aboard the *Diamond Princess*. At least two people died as a result of the COVID-19 outbreak on the *Diamond Princess* prior to February 19, 2020.

Princess also knew that, on or around February 20, 2020, a passenger aboard the February 11, 2020 *Grand Princess* voyage from San Francisco to Mexico sought medical attention onboard the *Grand Princess* for symptoms of COVID-19. Approximately sixty-two passengers and over 1,000 crew members who had been exposed to the sick passenger and some of whom were likely infected with COVID-19 remained onboard the *Grand Princess* to continue traveling on Subject Cruise.

Despite this knowledge, significant portions of which were known only to Defendants and not to the general public and/or known to Defendants due to their

prior experiences and expertise, Defendants chose to sail to Hawaii and failed to adequately warn passengers of the nature and magnitude of the risks to which Defendants were exposing them.

On or around March 4, 2020, Defendants issued a health advisory, signed by Dr. Grant Tarling, to passengers aboard the Subject Vessel alerting them of a "small cluster of COVID-19 cases in Northern California connected to" the *Grand Princess*'s Mexico trip and warned passengers of their exposure to the virus. The health advisory also suggested that passengers traveling on the Subject Cruise had already reported suffering from COVID-19 symptoms. The same day, California Governor Gavin Newsom stated in a press conference that eleven passengers and ten crew members on the Subject Vessel were experiencing symptoms of COVID-19. Then, on or about March 7, 2020, Defendants announced through the ship's public address system that it had evacuated a critically-ill passenger by ship's tender and a U.S. Coast Guard cutter.

Witnesses who may have information establishing Defendants' actual or constructive knowledge of the presence of COVID-19 on the Subject Vessel include the following:

1. Crew members on the Subject Vessel on the Subject Cruise and on the February 11, 2020 *Grand Princess* voyage from San Francisco to Mexico.

2. Micky Arison, chairman of Carnival Corporation.

3. Arnold W. Donald, CEO of Carnival Corporation and Carnival plc.

4. Dr. Grant Tarling, M.D., M.P.H., Senior Vice President and Chief Medical Officer for Carnival Corporation and for Princess.

5. William Burke, Chief Maritime Officer for Carnival Corporation.

6. Members of Carnival's Health, Environmental, Safety and Security ("HESS") Committee.

7. Jan Swartz, President of Princess.

8. Anthony Kaufman, Executive Vice President, International

1  Operations, of Princess.

2      9.    Mario Siebaldi, Senior Vice President, Guest Operation, of Princess.

3      10.    Alan Wilson, Vice President Marine, Fleet Operations, of Princess.

4      11.    Rai Caluori, Executive Vice President, Fleet Operations, of Princess.

5      12.    Unidentified officers, employees, and members of the United States
6  Coast Guard.

7      13.    Unidentified officers and employees of the United States Department
8  of Health and Human Services.

9      14.    Unidentified officers and employees of the United States Centers for
10  Disease Control and Prevention.

11      15.    Unidentified officers and employees of the California Department of
12  Public Health.

13      16.    Unidentified officers and employees of the World Health
14  Organization.

**INTERROGATORY NO. 2:**

If you contend that Defendant was required to warn you about the potential for exposure to COVID-19 prior to your boarding the Subject Vessel or during the sailing of the cruise referenced in the Complaint, identify the specific warning(s) you contend Defendant should have given including how and when said warning(s) should have been communicated to you.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff objects that this interrogatory is a premature contention interrogatory that need not be answered until discovery is "substantially complete." *Core Optical Techs. v. Infinera Corp.*, 2018 WL 2684693, at *2 (C.D. Cal. Mar. 7, 2018). Plaintiff further objects to this interrogatory in that it impermissibly seeks the premature disclosure of the opinions and conclusions and documents of Plaintiff's expert witnesses. F.R.C.P. Rule 26(a)(2)(D).

Without waiving and subject to the foregoing objections, Plaintiff responds:

| | | |
|---|---|---|
| 1 | Dated: March 15, 2021 | By: /s/ Christopher E. Coleman |
| 2 | | Mark P. Chalos (*pro hac vice*) |
| 3 | | mchalos@lchb.com |
| | | Christopher E. Coleman (*pro hac vice*) |
| 4 | | ccoleman@lchb.com |
| 5 | | LIEFF CABRASER HEIMANN & BERNSTEIN, LLP |
| 6 | | 222 2nd Avenue South, Suite 1640 |
| 7 | | Nashville, TN 37201 |
| | | Telephone: (615) 313-9000 |
| 8 | | Facsimile: (615) 313-9965 |
| 9 | | |
| 10 | | Elizabeth J. Cabraser (SBN 083151) |
| | | ecabraser@lchb.com |
| 11 | | Jonathan D. Selbin (SBN 170222) |
| 12 | | jselbin@lchb.com |
| | | LIEFF CABRASER HEIMANN & BERNSTEIN, LLP |
| 13 | | 275 Battery Street, 29th Floor |
| 14 | | San Francisco, CA 94111-3339 |
| 15 | | Telephone: (415) 956-1000 |
| 16 | | Facsimile: (415) 956-1008 |
| 17 | | Gretchen M. Nelson (112566) |
| | | gnelson@nflawfirm.com |
| 18 | | Carlos F. Llinás Negret (284746) |
| 19 | | cllinas@nflawfirm.com |
| 20 | | NELSON & FRAENKEL LLP |
| | | 601 So. Figueroa Street, Suite 2050 |
| 21 | | Los Angeles, CA 90017 |
| 22 | | Telephone: (213) 622-6469 |
| | | Facsimile: (213) 622-6019 |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

Mary E. Alexander, Esq. (SBN 104173)
malexander@maryalexanderlaw.com
Brendan D.S. Way, Esq. (SBN 261705)
bway@maryalexanderlaw.com
MARY ALEXANDER & ASSOCIATES, P.C.
44 Montgomery Street, Suite 1303
San Francisco, California 94104
Telephone: (415) 433-4440
Facsimile: (415) 433-5440

*Attorneys for Plaintiffs*